IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Frederick Alphonso Demetre Irby, #339195, | ) ) ) | C/A No.: 1:14-3583-RMG-SVH |
| Petitioner, | ) ) | |
| vs. | ) ) | REPORT AND RECOMMENDATION |
| Warden, Broad River Correctional Institution, | ) ) ) | |
| Respondent. | ) ) | |

Petitioner Frederick Alphonso Demetre Irby is an inmate at the Broad River Correctional Institution of the South Carolina Department of Corrections who filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Respondent's motion for summary judgment and return. [ECF Nos. 16, 17].   Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion by January 5, 2015. [ECF No. 18].   The matter having been fully briefed [ECF Nos. 20–23], it is ripe for disposition.  Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment be granted and Petitioner's request to stay be denied.

1

I.      Factual and Procedural Background

Approximately a year and a half after the victim was fatally shot in the back of the head with a .38 caliber weapon, the Greenville County cold case unit was provided a tip implicating Petitioner and a codefendant, Vernon Hurst. [ECF Nos. 17-1 at 14–16; 20-4]. Hurst gave a statement that detailed his and Petitioner's visit to the victim's home to purchase marijuana. *Id.* Hurst stated that he left the victim's home, heard a gunshot, then saw Petitioner exit the home with a small bag of marijuana and money. *Id.* They both got in a car and drove away, and Hurst stated that Petitioner told him that he had shot the victim in the back of the head. *Id.* Another witness told investigators that he purchased a .38 caliber revolver from Petitioner about a month after the murder. [ECF Nos. 17-1 at 16; 20-4 at 7].

Petitioner was arrested for an unrelated armed robbery of a Family Dollar on October 23, 2007. [ECF No. 17-10]. On November 5, 2007, additional arrest warrants issued for Petitioner on the charges leading to the instant petition, and Petitioner received the return of the arrest warrants on November 6, 2007. [ECF No. 17-11].

Petitioner was indicted by the Greenville County grand jury in December 2009 for murder (2008-GS-23-2701), and armed robbery and possession of a weapon during commission of a violent crime (2008-GS-23-2602). [ECF No. 17-1 at 123–26]. He was represented by H. Chase Harbin, Esq., and on February 9, 2010, he pled guilty before the Honorable C. Victor Pyle, Jr., Circuit Court Judge.   [*Id.* at 3–27].   Judge Pyle sentenced Petitioner to 30 years for murder, 25 years concurrent for armed robbery, and five years

concurrent on the weapons conviction. [*Id.* at 25]. Petitioner did not file a direct appeal. [ECF No. 1 at 2].

On April 29, 2010, Petitioner filed an application for post-conviction relief ("PCR") asserting claims of ineffective assistance of counsel and that no evidence connected him to the crime. [ECF No. 17-1 at 28–34]. Petitioner was represented at PCR by E. Scott Sanders, Esq., who filed an amended PCR on July 24, 2011, raising additional grounds of ineffective assistance of counsel. [ECF No. 17-1 at 40–43]. A PCR evidentiary hearing was held before the Honorable D. Garrison Hill, Circuit Court Judge, on August 2, 2011, at which Petitioner and Attorney Sanders appeared. [*Id.* at 44–99]. On August 29, 2011, Judge Hill filed an order of dismissal. [*Id.* at 100–108]. Petitioner filed a timely motion to alter pursuant to SCRCP 59(e), [*id.* at 109–118], which the court denied with a Form 4 Order on September 27, 2011 [*id.* at 122].

Petitioner filed a Notice of Appeal on October 27, 2011. [ECF No. 17-5]. Petitioner was represented by Appellate Defender Wanda H. Carter of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, who filed a *Johnson* petition[1] for writ of certiorari in the South Carolina Supreme Court on or about September

---

[1] *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988) (applying the factors of *Anders v. California*, 386 U.S. 738 (1967), to post-conviction appeals). *Anders* requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal, furnish a copy of that brief to the defendant, and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. *Anders*, 386 U.S. at 744.

6, 2012, raising the following issue: "Trial counsel erred in advising petitioner to plead guilty as charged because petitioner claimed that he was innocent and pled guilty only to protect others from criminal prosecution." [ECF No. 17-6 at 3]. Attorney Carter stated that the petition was without merit and asked to be relieved as counsel. [*Id.* at 8]. Petitioner filed a *pro se* brief.

Petitioner's appeal was transferred from the South Carolina Supreme Court to the South Carolina Court of Appeals ("Court of Appeals") for disposition pursuant to SCACR 243(l). By order filed July 17, 2014, the Court of Appeals denied the petition for certiorari and granted counsel's request to withdraw. [ECF No. 17-8]. The remittitur issued on August 7, 2014. [ECF No. 17-9].

II.    Discussion

Petitioner filed this federal petition for a writ of habeas corpus on September 4, 2014.  [ECF No. 1].[2]  Petitioner raises the following grounds in his petition:

**Ground One:**    Ineffective Assistance of Counsel

Supporting facts:  Letter from Plea Counsel stating that I can't have a copy of Motion of Discovery. During PCR Hearing, Plea Counsel couldn't recollect anything about the case. The Plea Counsel never challenged warrants or indictments and also failed to adequately advise of the strengths and weaknesses of the State's case or possible defenses.

---

[2]  The petition was received by the court on September 8, 2014, and docketed on September 9, 2014. However, because Petitioner is incarcerated, he benefits from the "prison mailbox rule." *Houston v. Lack*, 487 U.S. 266 (1988). The envelope containing the petition was deposited in the prison mailing system on September 4, 2014. [ECF No. 1-3 at 1].

**Ground Two:**        Being detain and continuously held without proper process. Warrantless Arrest – 23-15-60 = SCRCP

Supporting facts: No warrant was presented when a dozen or more Greenville County Police Officers removed me from my residence. I was arrested Oct. 23, 2007 no warrant presented until Nov. 6, 2007. 14 days!!! An illegal search and seizure in which nothing was found that could be considered contraband–illegal–or tools for burgulary, nor firearms

**Ground Three:**      Subject Matter Jurisdiction/Lack of Jurisdiction no "legal" indictments

Supporting facts:  (1) Two indictments of the same charges, but neither is legal (2) Never went before Grand Jury only "Rubber Stamped." (3) One indictment is clock stamped but not True Billed and the other is exactly the opposite and has been amended with out notice (4) Violation of Fast and Speedy Trial = Pro Se and no Request for Delays

**Ground Four:**       *Brady*[3] Violation = Rule 5 SCRCP violation

Supporting facts: (1) Letter from Chase Harbin stating I wouldn't be given a copy of Motion of Discovery (2) Statements missing from discovery until PCR Court (3) In-Camera Motion was ignored by court appointed counsel Chase Harbin (4) Never discussed strengths or weaknesses of State's Case by what was in discovery material

---

3 In *Brady v. Maryland,* 373 U.S. 83, 87 (1963), the Court held "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." The three necessary elements of a *Brady* claim are: "(1) the evidence must be favorable to the accused; (2) it must have been suppressed by the government, either willfully or inadvertently; and (3) the suppression must have been material." *Monroe v. Angelone,* 323 F.3d 286, 299–300 (4th Cir. 2003) (internal citations omitted).  "[F]avorable evidence is material, and constitutional error results from its suppression by the government, 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *Kyles v. Whitley,* 514 U.S. 419, 433 (1995) (internal citations omitted). The disclosure requirement covers both impeachment material and other exculpatory evidence. *Id.*

[ECF No. 1 at 5–10] (errors in original).

A.    Motion to Stay

In his response in opposition to summary judgment, Petitioner asks the court to stay and hold his habeas petition in abeyance to allow him the opportunity to exhaust his state court remedies on the issues presented in his habeas petition. [ECF No. 20 at 1]. In support of his motion, Petitioner argues that he is a layman and that his counsel did not raise all his grounds in state court, including at PCR, such that now that he is representing himself, he should be permitted to return to state court to pursue claims that his counsel did not.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court stated that "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." 544 U.S. at 277. The Court further stated that "even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id.*

The undersigned finds that Petitioner is not entitled to a stay in this action. All of Petitioner's claims raised in his habeas petition have been exhausted for the purpose of federal habeas review. *See, e.g.*, S.C. Code Ann. § 17-27-45 (establishing one-year period of limitation on filing of PCR); S.C. Code Ann. § 17-27-90 (providing that all grounds for relief available to an application under this chapter must be raised in his original, supplemental or amended application); *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997)

6

(noting that South Carolina requires all grounds for relief to be raised in the first PCR). Although Petitioner's claims are technically exhausted, they are procedurally barred from review in federal habeas. *See, e.g., Coleman v. Thompson*, 501 U.S. 722 (1991) (holding that issue not properly raised to the state's highest court, and procedurally impossible to raise there now, is procedurally barred from review in federal habeas).

Petitioner has not shown good cause for his failure to properly exhaust his claims in state court and has not demonstrated that his claims are potentially meritorious. *See Martinez v. Ryan*, 132 S.Ct. 1309, 1320 (2012) (finding that attorney error during appeals from initial-review collateral proceedings does not constitute good cause for failure to exhaust initial collateral review claims). Accordingly, the undersigned recommends that Petitioner's request for a stay be denied.

B.    Standard for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id.* at 255.

7

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e).

### C.     Habeas Corpus Standard of Review

#### 1.     Generally

Because Petitioner filed his petition after the effective date of the AEDPA, review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410.  Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

2.    Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions.   28 U.S.C. § 2254.   This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim.   *Id.*   The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts.   A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

a.    Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—

(A)    the applicant has exhausted the remedies available in the courts of the State; or

(B)    (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

9

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)     An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR.   State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976).   If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP.   Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State,* 653 S.E.2d 266 (S.C. 2007).[4] Furthermore, strict time deadlines govern direct appeal and the filing of a PCR in

---

[4] In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not been uniformly and strictly enforcing the failure to file a

the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

The United States Supreme Court has held that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"—which includes "petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). This opportunity must be given by fairly presenting to the state court "both the operative facts and the controlling legal principles" associated with each claim. *Baker v. Corcoran,* 220 F.3d 276, 289 (4th Cir. 2000) (citing *Matthews v. Evatt,* 105 F.3d 907, 911 (4th Cir. 1997) (internal quotation marks omitted)). That is to say, the ground must "be presented face-up and squarely." *Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir. 1994) (citation and internal quotation marks omitted).

The South Carolina Supreme Court has held that the presentation of claims to the state court of appeals without more is sufficient to exhaust state remedies for federal habeas corpus review. *State v. McKennedy,* 559 S.E.2d 850 (S.C. 2002); *see also In re Exhaustion of State Remedies in Criminal and Post–Conviction Relief Cases,* 471 S.E.2d 454 (S.C. 1990). The *McKennedy* court held that *In re Exhaustion* had placed discretionary

---

motion pursuant to Rule 59(e), SCRCP, as a procedural bar.   Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

review by the South Carolina Supreme Court *"outside* of South Carolina's ordinary appellate review procedure pursuant to *O'Sullivan*." 559 S.E.2d at 854. As such, it is an "extraordinary" remedy under *O'Sullivan*, "technically available to the litigant but not required to be exhausted," *Adams v. Holland*, 330 F.3d 398, 403 (6th Cir. 2003).

Because the South Carolina Supreme Court has held that presentation of certain claims to the South Carolina Court of Appeals without more is sufficient to exhaust state remedies, a claim is not procedurally barred from review in this court for failure to pursue review in the South Carolina Supreme Court after an adverse decision in the South Carolina Court of Appeals.

b.      Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file

12

a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar.   As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim.   *Murray v. Carrier*, 477 U.S. 478, 496 (1986), *superseded by statute on other grounds* (AEDPA).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply.   *See Matthews v. Evatt*, 105 F.3d at 915 (citing *Coleman v. Thompson*, 501 U.S.

13

722, 735 n.1 (1991); *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

### 3.    Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the states courts in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.*   Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995).   However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

### D.    Analysis

#### 1.    Procedural Bar

As an initial matter, Respondent argues that Petitioner procedurally defaulted on his claims in Grounds Two and Three by failing to present them to the state courts.    In Ground Two, Petitioner asserts that he was detained on October 23, 2007, after a

14

warrantless arrest and continuously held for fourteen days without proper process until the warrant was presented on November 6, 2007. [ECF No. 1 at 6]. In Ground Three, Petitioner asserts that the court lacked subject matter jurisdiction because the indictments were not legal. Specifically, Petitioner argues that the indictments concerned the same charges, did not go before the grand jury, were only rubber-stamped, were not both clock stamped and true-billed, and were amended without notice. Petitioner also claims that his right to a speedy trial was violated. [ECF No. 1 at 8].

Because the claims in Grounds Two and Three were not raised to or ruled upon in Petitioner's PCR appeal, they were not preserved for review. *See, e.g., Coleman v. Thompson*, 501 U.S. 722 (1991) (holding issue not properly raised to state's highest court, and procedurally impossible to raise there now, is procedurally barred from review in federal habeas); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996) (holding issues not presented to the state's highest court may be treated as exhausted if it is clear that the claims would be procedurally defaulted under state law if the petitioner attempted to raise them now); *Pruitt v. State*, 423 S.E.2d 127 (S.C. 1992) (holding issue must be raised to and ruled on by the PCR judge in order to be preserved for review); *Plyler v. State*, 424 S.E.2d 477 (S.C. 1992); SCRCP 59(e) (providing avenue for any party to move to alter or amend a judgment); *Bostick v. Stevenson*, 589 F.3d 160, 164 (4th Cir. 2009) (acknowledging same applied consistently and regularly in South Carolina after *Marlar v. State*). As a result, these claims were not properly presented to the South Carolina appellate courts, which would find them procedurally defaulted if Petitioner attempted to raise them now.

Consequently, federal habeas review of Petitioner's claims in Grounds Two and Three is barred absent a showing of cause and actual prejudice, or actual innocence. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Matthews v. Evatt*, *supra*.

        2.      Cause and Prejudice

Petitioner has not shown sufficient cause and prejudice to excuse the default of Grounds Two and Three.   In all cases in which a state prisoner has defaulted his federal claims in state court, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Id.*; *see* 28 U.S.C. § 2254; *Rodriguez v. Young*, 906 F.2d 1153, 1159 (7th Cir. 1990) ("Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."); *Mazzell v. Evatt*, 88 F.3d 263, 269 (4th Cir. 1996) (holding in order to show prejudice a petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different); *Wainwright,* 433 U.S. at 88–91; *Murray*, 477 U.S. at 496; *Rodriguez*, 906 F.2d at 1159 (holding a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"); *Sawyer v. Whitley*, 505 U.S. 333, 348 (1992).

The existence of cause must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's or the defendant's efforts to comply with the State's procedural rule.  *Murray*, 477 U.S. at 488. Petitioner fails to

articulate any cause for procedurally defaulting on these grounds. Petitioner had a guilty plea in which he raised no objection, had the opportunity for a direct appeal, a PCR hearing, and a PCR appeal in which to raise these issues. However, he failed to raise them, raise them properly, or preserve the issues for habeas review. Petitioner cannot establish cause and prejudice because he has consistently abandoned opportunities to preserve the issues.

Having failed to establish "cause," the court does not reach whether Petitioner was prejudiced. *See Kornahrens v. Evatt,* 66 F.3d 1350, 1359 (4th Cir. 1995) ("We are mindful . . . that in *Engle* [*v. Isaac,* 456 U.S. 107, 134 n. 43 (1982) ], after finding that there was no cause for the default, the Supreme Court ended its inquiry, noting that because 'we conclude[d] that these respondents lacked cause for their default, we do not consider whether they also suffered actual prejudice.'"); *see also Breard v. Pruett,* 134 F.3d 615, 620 (4th Cir. 1998) (same).

In the alternative, Petitioner must show a miscarriage of justice. To demonstrate a miscarriage of justice, Petitioner must show he is actually innocent. Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Petitioner cannot establish that the errors he complains of probably resulted in the conviction of an innocent person. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). To pass through the actual-innocence gateway, a petitioner's case must be "truly extraordinary." *Id.* The court's review of the record does not support a showing of actual innocence.

The guilty plea colloquy reflects that Petitioner generally admitted the facts as recited by the Solicitor in Section I above. [ECF No. 3–27]. He admitted to the armed robbery and weapons charges, and although he contested that he was the shooter [*id.* at 17], under the doctrine of the hand of one is the hand of all [*id.* at 16], Petitioner cannot show actual innocence, and therefore, the procedural bar applies to Grounds Two and Three.

### 3.     Merits Review of Grounds One and Four

In Ground One, Petitioner claims his plea counsel was ineffective (1) for writing him letter stating that Petitioner could not have a copy of a Motion of Discovery, (2) because he could not recollect details about Petitioner's plea at the PCR hearing, (3) because he did not challenge the warrants or indictments, and (4) for failing to adequately advise Petitioner of the strengths and weaknesses of the State's case or about possible defenses. [ECF No. 1 at 5]. In Ground Four, Petitioner claims a *Brady* violation on the grounds that (1) his counsel wrote him a letter stating he would not be given a copy of a discovery motion, (2) statements were allegedly missing from discovery until his PCR hearing, (3) counsel ignored his motion, and (4) he never discussed with his counsel the strengths or weaknesses of the State's case revealed in discovery. [ECF No. 1 at 10].

To prevail on his ineffective assistance of counsel claims, Petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The court must apply a "strong presumption" that trial counsel's representation fell

within the "wide range of reasonable professional assistance," and the errors must be "so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Harrington v. Richter*, 131 S.Ct. 770, 787 (2011). This is a high standard that requires a habeas petitioner to show that counsel's errors deprived him "of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome would "reasonably likely" have been different but for counsel's error is not dispositive of the prejudice inquiry. Rather, the court must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Harrington*, 131 S.Ct. at 787–88; *Strickland*, 466 U.S. at 694.

The United States Supreme Court has cautioned that "'[s]urmounting *Strickland*'s high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Harrington*, 131 S.Ct. at 788 (*quoting Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)). In evaluating an ineffective assistance of counsel claim, the petitioner must satisfy the highly deferential standards of 28 U.S.C. § 2254(d) and *Strickland* "in tandem," making the standard "doubly" more difficult. *Harrington*, 131 S.Ct. at 788. In such circumstances, the "question is not whether counsel's actions were unreasonable," but whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standards." *Id.* The unreasonableness of the state court determination must be "beyond any possibility of fairminded disagreement." *Id.* at 787. "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 786. Section 2254(d) codifies the view that habeas corpus is a

"'guard against extreme malfunctions in the state criminal justice system,' not a substitute for ordinary error correction through appeal." *Id., quoting Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979)).

At the PCR evidentiary hearing, plea counsel testified that he waited until receipt of all discovery before providing Petitioner with a copy because, at the time of Petitioner's request, there were outstanding police reports and witness and codefendant statements, as he explained to Petitioner in a letter. [ECF Nos. 17-1 at 79–81; 17-2 at 3]. Plea counsel testified that he visited Petitioner numerous times, including three times within the two weeks prior to the plea. [ECF No. 17-2 at 1–2]. Plea counsel testified he discussed the case against Petitioner, the potential sentences he faced, and a negotiated offer to plead to manslaughter, which Petitioner rejected. [ECF No. 17-1 at 82–87]. Plea counsel testified he thought Petitioner was wise to plead guilty in light of the strength of the State's case, particularly given his codefendants' statements against him. [*Id.* at 95]. Plea counsel testified that he determined Petitioner's numerous *pro se* motions challenging the warrants and indictments were not legitimate, but he would have raised them if he thought they were legitimate. *Id.*

The PCR court addressed the issue of ineffective assistance of counsel, finding Petitioner's testimony not credible, plea counsel's testimony credible, and also finding that "plea counsel adequately conferred with the Applicant, conducted a proper investigation, and was thoroughly competent in his representation." [ECF No. 17-1 at 104]. Specifically, the PCR court found:

the Applicant failed to meet his burden of proving plea counsel did not properly investigate the case. Plea counsel testified he and the Applicant had numerous meetings in which they discussed: the charges, the potential sentences, the State's evidence, the codefendants' statements, and the Applicant's version of events.  This Court finds plea counsel's testimony is credible. This Court notes plea counsel's testimony that he and the Applicant reviewed the inconsistencies in the co-defendants' statements but that he believed these statements still painted an overall consistent story that was very harmful to the Applicant's case. This Court finds plea counsel relied upon his experience in recommending the Applicant plead guilty based, in large part, upon the co-defendants' statements. This Court finds the Applicant failed to prove plea counsel should have acted upon his various pro se motions because he failed to specify the contents of these motions or demonstrate how—if they had been argued—it would have changed the outcome of his case. This Court finds the Applicant has failed to show plea counsel did not properly investigate or prepare his case. See Davis v. State, 326 S.C. 283, 486 S.E.2d 747 (1997) (denying relief where applicant failed to present witnesses or specific testimony establishing he would have had a defense with additional time to prepare for trial); Skeen v. State, 325 S.C. 210, 481 S.E.2d 129 (1997) (holding applicant not entitled to relief where no evidence presented at PCR hearing to show how additional preparation would have had any possible effect on the result at trial).

This Court finds the Applicant failed to meet his burden of proving plea counsel should have challenged the delay between when the warrants were served and the indictments issued. See Rule 3(c), SCRCrimP. This Court notes that pre-indictment delay in excess of ninety (90) days does not render the prosecution of a case invalid. See State v. Culbreath, 282 S.C. 38, 40, 316 S.E.2d 681, 681 (1984) ("(T]he failure of the solicitor to act upon a warrant within ninety (90) days . . . does not within itself invalidate a warrant or prevent subsequent prosecution."). Regardless, this Court finds the Applicant failed to provide evidence of any prejudice that resulted from the delay. See, e.g., State v. Pittman, 373 S.C. 527, 647 S.E.2d 144 (2007) (noting one must prove prejudice in order to prevail on an allegation that one's speedy trial rights were violated).

This Court finds the Applicant failed to meet his burden of proving plea counsel misadvised him about entering a guilty plea. Plea counsel testified he advised the Applicant that he could receive a life sentence on the murder charge if he lost the case at trial. Plea counsel testified he explained to the Applicant that he was pleading guilty to the charges without a recommendation, but that the State would not oppose thirty (30) year

sentence. Plea counsel testified the Applicant never told him that he was pleading guilty to protect someone else. This Court finds plea counsel's testimony is credible. This Court finds there was no error in plea counsel advising the Applicant of the minimum sentence he could receive on the charges. See Pittman v. State, 337 S.C. 597, 599, 524 S.E.2d 623, 624 (1999) (finding that, before a defendant can enter a guilty plea, he "must be aware of the nature and crucial elements of the offense, the maximum and any mandatory minimum penalty, and the nature of the constitutional rights being waived"). This Court finds the Applicant's testimony that he did not understand the plea proceedings and was pleading guilty to protect someone else is not credible. The Applicant had multiple opportunities to make these points during the plea hearing and chose not to do so. To be knowing and voluntary, a plea must be entered with a full understanding of the charges and the consequences of the plea. Boykin v. Alabama, 395 U.S. 238, 243–44, 89 S. Ct. 1709, 1712 (1969); Dover v. State, 304 S.C. 433, 434, 405 S.E.2d 391, 392 (1991). Based upon the plea transcript alone, it is clear the Applicant entered knowing and voluntary guilty pleas to these charges. See Stalk v. State, 375 S.C. 289, 300, 652 S.E.2d 402, 407 (Ct. App. 2007).

This Court finds the Applicant failed to meet his burden of proving plea counsel misadvised him about parole eligibility. Plea counsel testified he advised the Applicant that the armed robbery charge would be an 85% offense but that the murder charge would be a thirty (30) year sentence that would be served day-for-day. This Court finds plea counsel's testimony is credible. This Court finds the Applicant was properly informed of his future parole eligibility (or ineligibility) on the charges. Regardless, this Court notes that parole eligibility is a collateral consequence of sentencing of which a defendant need not be specifically advised before entering a guilty plea. Randall v. State; 356 S.C. 639, 641, 591S.E.2d608, 609 (2004).

Accordingly, this Court finds the Applicant has failed to prove the first prong of the Strickland test—that plea counsel failed to render reasonably effective assistance under prevailing professional norms. The Applicant failed to present specific and compelling evidence that plea counsel committed either errors or omissions in his representation of the Applicant. This Court also finds the Applicant has failed to prove the second prong of Strickland—that he was prejudiced by plea counsel's performance.

This Court concludes the Applicant has not met his burden of proving counsel failed to render reasonably effective assistance. See Frasier v. State, 351 S.C. at 389, 570 S.E.2d at 174.

[ECF No. 17-1 at 104–107].

In his opposition to the summary judgment motion, Petitioner argues that his plea counsel failed to provide him with a copy of his discovery, which he claims impacted his decision to plead guilty instead of going to trial. [ECF No. 20 at 23]. He challenges plea counsel's credibility, noting that he claimed to have filed all the necessary motions for discovery on Petitioner's behalf, but that the motions reflect the signature of his prior counsel, Mr. Godfrey. [ECF No. 20 at 3–4]. The court notes that a change in counsel does not impact the validity of motions filed by prior counsel, unless new counsel withdraws the prior-filed motions.

There is no basis in this record to overturn the findings of the state court. Viewing the record in its entirety, the record supports the state court's conclusion that Petitioner was aware of the constitutional rights that he was waiving and that he freely and voluntarily entered his guilty plea after the advice of counsel. [ECF No. 17-1 at 3–27]. *Evans,* 220 F.3d at 312 (federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding); *Williams,* 529 U.S. at 398; *Bell v. Jarvis,* 236 F.3d 149, 157–158 (4th Cir. 2009); 28 U.S.C. § 2254(e)(1) (determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence). *Sargent,* 71 F.3d at 160 (historical facts underlying guilty pleas are entitled to deference).

While Petitioner now alleges his plea was involuntary, "[r]epresentations of the Defendant, his lawyer and the prosecutor at [arraignment], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings . . . The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison,* 431 U.S. 63, 73–74 (1977). Further, statements of the accused that facially demonstrate the plea's validity are conclusive absent compelling reasons why they should not be, such as ineffective assistance of counsel. *Via v. Superintendent, Powhatan Correctional Center,* 643 F.2d 167, 171 (4th Cir. 1981). The undersigned can find no basis for a reversal of the state court's finding that Petitioner's guilty plea was voluntary. *Sargent,* 71 F.3d at 160.

The undersigned finds that the PCR court made reasonable findings of fact and reasonably applied federal law in denying these claims in light of the evidence presented. The PCR court's factual findings are based, in part, on its assessment that Petitioner's testimony was not credible, while plea counsel's testimony was credible. The PCR court's credibility determination is entitled to deference in this action. *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)) ("[F]or a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear."); *see also Marshall v. Lonberger*, 459 U.S. 422, 434 (1983) ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them."). Petitioner may

overcome this presumption of correctness only by showing "'clear and convincing evidence to the contrary.'" *Wilson v. Ozmint*, 352 F.3d 847, 858–59 (4th Cir. 2003) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 240 (2003)). Petitioner has shown no cause to discount the PCR court's credibility determination.

At his guilty plea, Petitioner stated that he understood the charges he was facing; that he faced a potential punishment of life without parole for murder, 30 years for armed robbery, and five years on the weapons charge; that his constitutional rights included his right to remain silent, right to a jury trial, right to cross-examine witnesses; that, aside from the State not objecting to a sentence of 30 years, no one had promised him or forced or threatened him to induce the guilty plea; and that he was pleading guilty voluntarily, of his own free will. *Id.* at 9–11. The solicitor presented the facts of the State's investigation [ECF No. 17-1 at 14–17], with which Petitioner concurred, except as to who was the shooter [*id.* at 17].

Petitioner has not provided any evidence that he did not intend to plead guilty to the charges, under oath to the presiding judge, without objection in open court. He has provided no evidence to show ineffective assistance of counsel in his case. Rather, the record shows that Petitioner had been advised by trial counsel, and that the consequences of his plea were fully explained to him by his counsel and by the court. The record also clearly shows that Petitioner was given every opportunity to change his mind, and he denied he had been coerced or forced to act in any manner concerning his plea. Hence, the record shows that Petitioner chose to enter a plea of guilty, and did so freely and

voluntarily. *Little v. Allsbrook*, 731 F.2d 238 (4th Cir. 1984); *U.S. v. Futeral*, 539 F.2d 329 (4th Cir. 1976).

Petitioner has failed to demonstrate that he was not provided his codefendants' statements before his PCR hearing. Plea counsel testified at PCR that he reviewed the discovery materials with Petitioner, including the statements of his codefendants and his own statement to police. [ECF No. 17-1 at 79–85, 91–92]. Plea counsel noted at PCR that he reviewed the various inconsistencies between his statement and those of his codefendants, and that Petitioner "actually led those discussions. Because, obviously, he was very concerned with what inconsistencies there were and how far that could take us in trial," inconsistencies that plea counsel noted were "very damaging" to Petitioner's case. [*Id.* at 91–92]. Plea counsel testified that it was not possible that he did not include the witness statements in the discovery he provided Petitioner "[b]ecause we had conversations referencing those folks and what they said. So [Petitioner's] memory does not match mine that we discussed in depth exactly what other folks were saying. Because that is the crux of the entire State's case as to why I was recommending that he plead guilty, based on—based very much on those statements." [*Id.* at 81–82].

Further, plea counsel noted that Petitioner's version of events would "make him an accessory definitely after, and would endanger—put him in extreme danger of being an accessory before, which, obviously, is punishable for the same amount of time as the murder. . . . so his defense as presented was, in fact, a crime." *Id.* at 92. Plea counsel testified at PCR that Petitioner "was asking for information that I didn't have and couldn't

26

get." *Id.* at 90. He testified that Petitioner had filed a number of *pro se* motions in his case, but that there were no issues raised in those motions that plea counsel felt would have been legitimate issues, but if they had, he would have raised them. *Id.* at 95.

Petitioner has failed to show that counsel was deficient in his sharing the discovery with Petitioner or that he suffered any prejudice in the manner in which he was provided discovery. Petitioner has also failed to demonstrate that his *pro se* motions had any merit or would have otherwise changed the outcome of his case. Finally, Petitioner has failed to demonstrate that he never discussed with his counsel the strengths or weaknesses of the State's case revealed in discovery.

Petitioner cannot satisfy the *Strickland* test. He has failed to show the PCR court unreasonably applied United States Supreme Court precedent in deciding his ineffective assistance of counsel claims. Additionally, Petitioner has failed to show by clear and convincing evidence the PCR court reached an unreasonable factual determination given the evidence and record before it. Therefore, Petitioner has failed to overcome the deferential standard of review accorded the state PCR court's determination of these issues. Petitioner also suffered no prejudice. Notably, although Petitioner was facing life without parole had he been convicted at trial of murder [ECF No. 17-1 at 7], plea counsel was able to negotiate for Petitioner to be sentenced to the minimum of 30 years.

Further, as to Ground Four, "[i]t is simply impossible for a court to rule on an alleged *Brady* violation unless a defendant identifies with reasonable particularity the evidence to be considered." *United States v. Robinson*, 585 F.2d 274, 281 (7th Cir. 1978).

27

Petitioner has not identified the evidence that was allegedly withheld. If the Petitioner knew about the material notwithstanding its non-disclosure, no cause will be found. *McClesky v. Zant*, 499 U.S. 467, 502 (1991). Petitioner may not show cause by pointing to evidence that the petitioner should "know about or could have discovered" through a reasonable investigation. *Basden v. Lee*, 290 F.3d 602, 618 (4th Cir. 2002); *Holleman v. Cotton*, 301 F.3d 737, 741 (7th Cir. 2003). To the extent that Petitioner claims that he was not provided his codefendants' statements until his PCR hearing, the undersigned has addressed this issue *infra*.

Petitioner cannot establish that he is entitled to federal habeas relief on any ineffective assistance of counsel claim in Grounds One and Four under 28 U.S.C. § 2254(d), and the undersigned recommends that they be denied and dismissed with prejudice.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Respondent's motion for summary judgment [ECF No. 16] be granted.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

April 3, 2015                                  Shiva V. Hodges
Columbia, South Carolina            United States Magistrate Judge

**The parties are directed to note the important information in the attached**
**"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.   Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.   "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"   *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.   28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*   Fed. R. Civ. P. 6(a), (d).   Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**   28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).