IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Frederick Alphonso Demetre Irby, | No. 1:14-cv-03583-RMG |
| Petitioner, | **ORDER** |
| vs. | |
| Warden, *Broad River Correctional Institution*, | |
| Respondent. | |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 25), recommending that Respondent's Motion for Summary Judgment (Dkt. No. 16) be granted and the habeas petition be dismissed. For the reasons stated below, the Court **ADOPTS** the R & R, **GRANTS** Respondent's Motion for Summary Judgment, and **DISMISSES** the habeas petition.

## I. Background

In December of 2009, Petitioner was indicted by a grand jury for murder, armed robbery and possession of a weapon during the commission of violent crime. (Dkt. No. 17-1 at 123-26). On February 9, 2010, Petitioner pled guilty to all three charges. (*Id.* at 1-26). Early in the hearing, Petitioner stated that he did not want to plead guilty, and the court asked that the jury panel be brought in to select a jury for Petitioner's trial. (*Id.* at 10). After a break and conference with his counsel, Petitioner decided that he did wish to proceed with pleading guilty. (*Id.* at 11, 13). Petitioner stated that he was not the shooter, as the prosecution claimed, but agreed with all other facts presented by the prosecution and agreed that he had aided and abetted the crime. (*Id.*

at 17). The court found his plea to have a substantial factual basis and to be made voluntarily. (*Id.*).

On April 29, 2010, Petitioner filed an application for post-conviction relief (PCR), claiming ineffective assistance of counsel and that there was no evidence to connect Petitioner to the crime. (*Id.* at 28-30). PCR counsel raised additional ineffective assistance of counsel claims. (*Id.* at 40-43). Petitioner's PCR application was dismissed on August 29, 2011. (*Id.* at 100-08). Petitioner filed a Rule 59(e) motion, which was denied. (*Id.* at 109-18, 122). Petitioner filed a Notice of Appeal of the PCR court's order on October 27, 2011, (Dkt. No. 17-5), the Court of Appeals denied the petition for certiorari on July 17, 2014, and remittitur was issued on August 7, 2014. (Dkt. Nos. 17-8, 17-9). The instant habeas petition followed.

The Petitioner raises four grounds for relief: (1) ineffective assistance of counsel, (2) "[b]eing detain[ed] and continuously held without proper process," (3) "subject matter jurisdiction/lack of jurisdiction, no 'legal' indictments," (4) "Brady Violation = Rule 5 SCRCP violation." (Dkt. No. 1 at 5, 6, 8, 10). The Magistrate Judge recommended that Respondent's motion for summary judgment be granted, finding that (1) Grounds Two and Three were procedurally barred and that (2) as to Grounds One and Four, Petitioner had failed to show the state court's decision was contrary to, or involved an unreasonable application of, clearly established Federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. (Dkt. No. 25). The Magistrate Judge also recommended denying Petitioner's request to stay the proceedings so that he could exhaust his administrative remedies, because they were already exhausted. (*Id.* at 6-7). Petitioner filed timely objections. (Dkt. No. 28).

## II. Legal Standard

### A. Report & Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a *de novo* determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

### B. Federal Habeas Review

Petitioner's claims are governed by 28 U.S.C. § 2254(d), which provides that his petition cannot be granted unless the adjudication of the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct," and

Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### III. Discussion

**A. Procedurally Barred Claims - Grounds Two and Three**

A habeas petitioner must exhaust the remedies available to him in state court. 28 U.S.C. § 2254(b)(1). This requires a habeas petitioner to "fairly present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997), *overruled on other grounds by United States v. Barnette,* 644 F.3d 192 (4th Cir. 2011). Procedural bypass, sometimes referred to as procedural bar or procedural default, occurs when a petitioner seeking habeas corpus relief failed to the raise the issue asserted in his habeas petition at the appropriate time in state court. Because the petitioner has no further means of raising the issue before the state courts, he is considered to have bypassed his state court remedies and is, thus, procedurally barred from raising the issue in a federal habeas proceeding. *See Smith v. Murray*, 477 U.S. 527, 533 (1986); *Weeks v. Angelone*, 176 F.3d 249, 272 n.15 (4th Cir. 1999) ("A claim is procedurally defaulted when it is rejected by a state court on an adequate and independent state procedural ground.").

Petitioner did not raise Grounds Two and Three in his PCR proceeding. (Dkt. No. 17-1 at 28-30, 40-43). Because they were not raised in the first PCR proceeding, Petitioner is barred under South Carolina law from raising these claims in state court. *See Matthews v. Evatt*, 105 F.3d 907, 915 (4th Cir. 1997) (holding South Carolina law bars successive PCR petitions unless the application can point to facts and circumstances that demonstrate the claim could not have been raised in the first PCR proceeding), *overruled on other grounds by United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011). Thus, Petitioner has failed to fairly present his claims to

South Carolina's appellate courts and bypassed his state court remedies, and he is barred from raising them here.

The Court agrees with the Magistrate Judge that a stay for Petitioner to exhaust his state court remedies would be futile–these claims are barred under state law. Therefore, Petitioner's request to stay is denied.

**B. Ineffective Assistance of Counsel - Ground 1**

Where allegations of ineffective assistance of counsel are made, the question is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). First, the Petitioner must show that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. *Id.* at 687-88. Second, the Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

"The standards created by *Strickland* and § 2254(d) are both highly deferential . . . and when the two apply in tandem, review is doubly so." *Harrington v. Richter*, 131 S.Ct. 770, 788 (2011). In applying § 2254(d), "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.*

<u>1. Petitioner's Request for Personal Copies of Discovery</u>

Here, Petitioner's main complaint is that his plea counsel did not provide him with his own personal copy of discovery. (Dkt. No. 28 at 2, 6, 7, 10, 12, 26). Counsel sent Petitioner a

letter[1] stating that he had not yet received all of the discovery in the case, and that once counsel did receive all of the discovery he would "go over your discovery with you in full, including each and every element necessary to provide you with the defense you deserve." (Dkt. No. 17-2 at 5). The letter also stated that counsel would "not be able to provide you with your own personal copy of discovery, as I understand it is at least 2 volumes of D-ring notebook binders." (*Id.*).

Regarding discovery, plea counsel testified at the PCR hearing that he "wanted to wait and just give it to [Petitioner] all at one time." (Dkt. No. 17-1 at 80). He also testified that it was typical in a case to wait until he got "the entire file" to go over it with a client. (*Id.* at 81). Counsel also testified that Petitioner received a hand-delivered copy of discovery on May 15, 2009. (*Id.* at 80). Counsel testified that he did not intend to give Petitioner his own personal copy of the entirety of discovery because "a lot of it is pictures of people he already knew . . . they were simply pictures of people." (*Id.* at 81). "There were, also, phone logs and things. And I didn't anticipate handing him, you know hundreds of pieces of paper." (*Id.*). Instead, counsel was concerned with Petitioner having his own copy of "Code 5's, which is the police report, any forensics that they had, which was lacking severely in this case, and, obviously co-defendants statements, and witness statements." (*Id.*). According to counsel's testimony, all of these documents were hand delivered to Petitioner on May 15, 2009. (*Id.*).

The PCR court found Petitioner's testimony "not credible," and plea counsel's testimony "credible." (Dkt. No. 17-1 at 104). The PCR court found that Petitioner "failed to present specific and compelling evidence that plea counsel committed either errors or omissions in his representation." (*Id.* at 107). Thus, he failed to meet the first prong under *Strickland*. (*Id.*). The

---

[1] This letter was Exhibit 2 at the PCR hearing.

PCR court also found Petitioner failed to prove the second prong of *Strickland* - that he was prejudiced by plea counsel's performance." (*Id.*)

The PCR court's decision was not contrary to, and did not involve an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court. "[T]here is no general constitutional right to discovery in a criminal case." *Gray v. Netherland*, 518 U.S. 152, 168 (1996) (quoting *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977)); *accord United States v. Shrake*, 515 F.3d 743, 745 (7th Cir. 2008). The United States Supreme Court has not held that a defendant's right to assist in his or her defense translates into a constitutional right to *personal* copies of discovery, where discovery was provided to his attorney and the attorney reviewed discovery with the defendant. Indeed, some state courts have explicitly held that there is no such constitutional right. *State v. Marks*, 298 P.3d 1102, 1116 (Kan. 2013); *People v. James*, 839 N.E.2d 1135, 1141 (2005).

However, the Court need not reach the issue. It is enough that the PCR court's application of *Strickland* was not unreasonable. *See* 28 U.S.C. § 2254(d); *Frazer v. S. Carolina*, 430 F.3d 696, 703 (4th Cir. 2005). In other words, it was not an unreasonable application *Strickland* for the PCR court to find that counsel's performance in providing Petitioner with personal copies of what he determined to be material parts of discovery and otherwise simply reviewing the discovery with Petitioner, was objectively reasonable when measured against prevailing professional norms.

To the extent Petitioner claims plea counsel did not adequately review discovery materials with him, he has failed to provide "clear and convincing evidence" that this factual determination by the PCR court was incorrect. *See* 28 U.S.C. § 2254(e)(1) (A petitioner must

rebut a state court's factual determination by clear and convincing evidence.); Dkt. No. 17-2 at 104 (finding plea counsel "adequately conferred" Petitioner and met with Petitioner "numerous" times, discussing "the charges, the potential sentences, *the State's evidence, the co-defendants' statements*, and the Applicant's version of events.") (emphasis added). The PCR court's finding that Petitioner was not prejudiced by counsel's performance was also not an unreasonable application of *Strickland*. Therefore, his habeas petition on this ground is denied.

### 2. Plea Counsel's Recommendation to Plea

The PCR court found that Petitioner "failed to meet his burden of proving plea counsel misadvised him about entering a guilty plea." (Dkt. No. 17-1 at 105-06). The PCR court found that "plea counsel relied upon his experience in recommending the Applicant plead guilty based, in large part, upon the co-defendants' statements." (*Id.* at 105). The PCR court credited counsel's testimony that Petitioner never told counsel he was pleading guilty to protect someone else and that counsel advised Petitioner (1) that he could receive a life sentence on the murder charge if he lost the case at trial, (2) that Petitioner was pleading guilty to the charges without a recommendation, but that the State would not oppose a thirty year sentence, (3) that the armed robbery charge would be an 85% offense but that the murder charge would be a thirty-year sentence that would be served day-for-day. (*Id.* at 106).

The PCR court did not unreasonably apply *Strickland*. Petitioner complains that plea counsel "painted the picture of Petitioner receiv[ing] a much greater sentence" if he did not plead guilty and lost at trial. (Dkt. No. 28 at 13). However, Petitioner could have received a greater sentence had he gone to trial, and there was no error in so advising Petitioner.

-8-

Petitioner also argues that counsel erred in "advising the Petitioner to plead guilty despite his protests of innocence." (Dkt. No. 28 at 8). However, the PCR court did not credit Petitioner's testimony on this point and found that Petitioner never told counsel he was pleading guilty to protect someone else.[2] (Dkt. No. 17-1 at 106). Petitioner has not produced clear and convincing evidence to rebut this factual finding.

The Court also agrees with the Magistrate Judge that while Petitioner now alleges his plea was involuntary, there is no basis in the record to overturn the state court's findings. Petitioner points out that he stated on the record that he was not the shooter. (Dkt. No. 28 at 7). While it was the prosecution's theory of the case that Petitioner was the shooter, this was not the factual basis of his plea. Plea counsel stated that Petitioner's "details would not match those given by the Solicitor's Office, although the substance of the facts would lead to what I would consider a jury verdict of guilty for murder as a participant, armed robbery, and possession of a weapon during the commission of a violent crime under the theory of the hand of one is the hand of all. I've explained that to him and he's comfortable with that." (Dkt. No. 17-1 at 16-17). The plea court acknowledged Petitioner's statement that he was not the shooter and the following exchange took place:

> THE COURT: Mr. Irby, do I understand that but for the fact that you differ that you were the shooter, everything else that I've been told is true? I mean, you were there?
>
> DEFENDANT IRBY: Yes, sir.
>
> THE COURT: And you were aiding and abetting in whatever occurred there that night?

---

[2] The PCR court also found not credible Petitioner's claim that he in fact plead guilty to protect someone else. (*Id.*).

-9-

> DEFENDANT IRBY: Yes, sir.
>
> THE COURT: Is that correct?
>
> DEFENDANT IRBY: Yes, sir.
>
> THE COURT: Your only disagreement is that the other fellow was the shooter and not you. Is that what you're telling me?
>
> DEFENDANT IRBY: Correct.

(Dkt. No. 17-1 at 17). Based on these statements by Petitioner, the plea court accepted the plea as voluntarily made and as having a substantial factual basis. (*Id.*). The Court agrees with the Magistrate Judge that the entirety of the record and this exchange supports the state court's conclusion that Petitioner was aware of the constitutional rights that he was waiving and that he freely and voluntarily entered his guilty plea after the advice of counsel.

### 3. Other Ineffective Assistance of Counsel Claims

The PCR court found that plea counsel "discussed the strength of the State's case against [Petitioner] and his version of events," "adequately conferred" with Petitioner, and "conducted a proper investigation." (Dkt. No. 17-1 at 103-04). The PCR court also found that Petitioner failed to establish that plea counsel should have challenged the delay between when the warrants were served and the indictments were issued, noting that pre-indictment delay in excess of ninety (90) days does not render the prosecution of a case invalid under state law, and that Petitioner failed to show any prejudice. (*Id.* at 105). In sum, the PCR court found the plea counsel was "thoroughly competent in his representation," and that Petitioner failed to show either prong of *Strickland*. (Dkt. No. 17-1 at 104, 107). This decision is not contrary to and does not involve an "unreasonable application of, clearly established Federal law, as determined by the Supreme

Court of the United States," and it was not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Petitioner's conclusory protests are not sufficient to meet his heavy burden. Therefore, the petition is denied on Ground One.

### C. Brady Violation - Ground Four

The Magistrate Judge recommended denying the petition on Ground Four because Petitioner failed to identify the evidence that was allegedly withheld. (Dkt. No. 25 at 27-28). In his objections, Petitioner states that at the PCR hearing, in response to Petitioner's claim that counsel did not provide him with discovery, plea counsel testified that the solicitor did not provide documents to counsel. (Dkt. No. 28 at 16). A review of the record reveals that counsel's testimony was that, *at the time counsel wrote the letter identified as Exhibit 2*, the Solicitor's Office had not yet provided all of the discovery; "the Assistant Solicitor in the case, had told me that there was other discovery coming." (Dkt. No. 17-1 at 80). When counsel received all the discovery, he provided Petitioner with a hand-delivered copy on May 15, 2009. (*Id.* at 81). Petitioner has still not pointed to any particular evidence that was withheld. "It is simply impossible for a court to rule on an alleged Brady violation unless a defendant identifies with reasonable particularity the evidence to be considered." *United States v. Robinson*, 585 F.2d 274, 281 (7th Cir. 1978). Therefore, Petitioner has failed to meet his burden, and the Petition is denied on this Ground.

### IV. Conclusion

The Court **ADOPTS** the R & R (Dkt. No. 25), **GRANTS** Respondent's Motion for Summary Judgment (Dkt. No. 16), and **DISMISSES** the habeas petition.

-11-

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

April 28, 2015
Charleston, South Carolina